# Court of Appeals
# of the State of Georgia

ATLANTA,  December 10, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0790.   TARA   HENRY   CICONE   v.   STARLITE   FAMILY ENTERTAINMENT, INC. et al.

In this civil action, Tara Henry Cicone filed a motion to strike pursuant to Georgia's anti-SLAPP statute, OCGA § 9-11-11.1. After the trial court entered an order setting a hearing on the motion, Cicone filed an emergency motion to vacate or revise the order, or in the alternative to certify the order for immediate review, or in the second alternative, to set an expedited briefing schedule in advance of the hearing. The trial court denied the emergency motion, and Cicone filed this direct appeal. We, however, lack jurisdiction.

As a general rule, a direct appeal is permitted only from a judgment or order that is final, which means the case is no longer pending below. See OCGA § 5-6-34(a)(1); *Fein v. Chenault*, 330 Ga. App. 222, 227 (767 SE2d 766) (2014). Here, the action remains pending below. The law, however, permits a direct appeal from certain non-final orders, including "[a]n order granting or denying a motion to dismiss or a motion to strike" under Georgia's anti-SLAPP statute. OCGA § 9-11-11.1(e); see OCGA § 5-6-34(a)(13). Cicone contends that the order setting a hearing on the motion to strike, as well as the denial of her emergency motion to revise the order setting the hearing, are also appealable under these statutes. Because the trial court's orders were not denials of a motion to strike or a motion to dismiss, the orders are not appealable under OCGA § 9-11-11.1(e). It follows that Cicone has no right to a direct appeal under OCGA § 5-6-34(a)(13).

Because the action, including Cicone's motion to strike under Georgia's anti-

SLAPP statute, remains pending below, Cicone was required to comply with the interlocutory appeal procedures, including obtaining a certificate of immediate review, to appeal the trial court's order. See OCGA § 5-6-34(b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989).[1] Her failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   12/10/2025*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

   [1] Further, the denial of a certificate of immediate review is not subject to either a direct or discretionary appeal. *Price v. State*, 237 Ga. 352, 352(2) (227 SE2d 368) (1976); OCGA § 5-6-35(a).